UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

JACQUES LOUSSIER,

              Plaintiff,

   -against-                                02 Civ. 2447(KMW)
                                                     ORDER
UNIVERSAL MUSIC GROUP, INC.,
INTERSCOPE RECORDS, INC., INTERSCOPE
RECORDS, L.L.C., MARSHALL MATHERS
p/k/a EMINEM, and ANDRE YOUNG, p/k/a
DR. DRE,

              Defendants.

---------------------------------------X

WOOD, U.S.D.J.:

    Plaintiff Jacques Loussier ("Plaintiff") sues Defendants Universal Music Group, Inc., Interscope Records, Inc., Interscope Records, L.L.C., Marshall Mathers, p/k/a Eminem, and Andre Young, p/k/a Dr. Dre (collectively, "Defendants"), for copyright infringement. Plaintiff moves <u>in limine</u> to exclude at trial all evidence of, and all references to, a November 9, 1979 contract between Plaintiff and Intersong Paris ("Intersong"), a publishing company, that gave Intersong a percentage of publishing rights in Plaintiff's composition, "Pulsion" (the "Intersong Contract"). Plaintiff also moves to exclude all evidence of subsequent contracts and correspondence, concerning the assignment of these publishing rights, between (1) Plaintiff and Editions Soupirs, another publishing company, (2) Intersong and Editions Soupirs, and (3) Plaintiff and Warner Chappell, Inc., Intersong's

successor in interest (collectively, "Related Agreements").[1]
Notice of Mot. In Limine No. 2, at 1-2.

In a recent letter to the Court, Defendants conceded that Plaintiff has standing to bring the present action, and that Plaintiff "has an interest in 'Pulsion' no matter what rights the Intersong contract conveyed." Letter from defense counsel Russell J. Frackman to the Court, dated June 15, 2005, at 1. Thus, the Intersong Contract and Related Agreements are irrelevant to the present action, and the Court grants Plaintiff's motion to exclude them at trial.

SO ORDERED.

Dated:   New York, New York
         June 29, 2005

_____
Kimba M. Wood
United States District Judge

---

[1] In Plaintiff's Memorandum of Law in support of this motion, Plaintiff also requested that the Court exclude any reference to Plaintiff's U.S. copyright registration of "Pulsion," on the ground that this evidence would "confuse the jury into believing that Mr. Loussier is not entitled to recover damages because he did not register 'Pulsion' in the United States before 2002." Pl.'s Mem. in Supp. of Mot., at 10. The Court ruled on this issue in its Order of May 27, 2005, stating, "The Court denies Plaintiff's motion to exclude evidence of his United States copyright registration. That evidence is relevant and is not prejudicial. The Court's jury instruction on the law will ensure that the jury does not mistakenly conclude that Plaintiff is precluded from recovering damages because he did not register his copyright in the United Stated before 2002." Order, Doc. No. 131, Loussier v. Universal Music Group, Inc., 02 Civ. 2447 (KMW) (S.D.N.Y., May 27, 2005).

2